```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

| | |
|---|---|
| **JOSEPH D. SMITH,** )<br>)<br>    **Plaintiff,** )<br>)<br>v.                                          )<br>)<br>**ROSENTHAL COLLINS GROUP, LLC,** )<br>**MAUREEN C. DOWNS, and DOUGLAS O.** )<br>**KITCHEN,** )<br>)<br>    **Defendants.** ) | No. 03-2360 Ml/An |

_____

**ORDER DENYING PLAINTIFF'S OBJECTIONS AND AFFIRMING CLERK OF
COURT'S ORDER TAXING COSTS**
_____

Before the Court is Plaintiff's Motion to Review Order Taxing Costs to Plaintiff and to Deny Defendants' Claim for Discretionary Costs, filed February 16, 2006. Defendants responded on March 3, 2006. For the reasons set forth below, the Court DENIES Plaintiff's objections and AFFIRMS the Clerk of Court's Order Taxing Costs in the amount of $7,238.17.

**I.  Background**

This case involved Plaintiff's allegations that he was fired from his job as a futures commodities broker with Defendant Rosenthal Collins Group, LLC ("RCG") because he was regarded as disabled in violation of the Americans with Disabilities Act ("ADA"). Plaintiff also brought several state-law claims. On September 10, 2005, the Court granted Defendants' motion for summary judgment as to Plaintiff's claim of statutory procurement

of breach of contract and common law tortious interference with contract.  The Court denied Defendants' motion for summary judgment as to Plaintiff's claim of discrimination under the ADA, breach of contract, and tortious interference with a business relationship.

The Court held a bench trial in this case from September 26, 2005, through September 29, 2005.  At the close of Plaintiff's case, the Court granted Defendants' motion for judgment as a matter of law as to Plaintiff's claim of tortious interference with a business relationship.  As this was the only claim against Defendants Maureen C. Downs and Douglas O. Kitchen, they were dismissed from the case.  On December 22, 2005, the Court entered an Opinion and Order Following Non-Jury Trial, in which the Court found that Plaintiff had failed to establish his ADA and breach of contract claims.  Judgment was entered on December 22, 2005.

Defendants RCG, Downs, and Kitchen filed a Motion to Tax Costs against Plaintiff pursuant to Federal Rule of Civil Procedure 54(d) on January 26, 2006.  On January 27, 2006, the Clerk of Court informed the parties by written notice that a hearing would be held on February 9, 2006, at which time "counsel could appear and/or submit citations of law relevant to the issue of taxing costs in this matter." (Setting Letter, Docket. No.

123.)[1]  On February 10, 2006, the Clerk of Court entered an Order Taxing Costs in the sum of $7,238.17, which reflected the following itemized expenses:

| | |
|---|---|
| Copy Fees | $2,412.43 |
| Court Reporter and Transcript Expenses | $4,565.55 |
| Witness Fees | $60.18 |
| Service Fees | $200.00 |

(Order Taxing Costs, Docket No. 125.)  In the instant motion, Plaintiff objects to the taxation of costs on several grounds.

**II. Analysis**

The Federal Rules of Civil Procedure provide that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R. Civ. P. 54(d)(1).  As provided in 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

---

[1] Counsel for Defendants appeared at the hearing.  Counsel for Plaintiff did not appear and did not submit any relevant authority.

Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 729, 730 (6th Cir. 1986). There are several circumstances in which "a denial of costs is a proper exercise of discretion under the rule." Id. These circumstances include:

> cases where taxable expenditures by the prevailing party are "unnecessary or unreasonably large," cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and cases that are "close and difficult."

Id. (internal citations omitted). "It is incumbent up on the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." Id. at 732 (quotation omitted).

Plaintiff first argues that he should not be taxed costs in this matter because the issues in the case were "close and difficult." The fact that a case is "close and difficult" "*may* serve as grounds for denying a motion for costs, [but] a district court does not abuse its discretion merely because it awards costs" in such a case. McDonald v. Petree, 409 F.3d 724, 732 (6th Cir. 2005)(emphasis in original). The Sixth Circuit has explained that "[t]he closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and

organize relevant evidence, and by the difficulty of discerning the law of the case." White & White, Inc., 786 F.2d at 732-33.

This case was not "close and difficult" under the Sixth Circuit's standard. Two of Plaintiff's claims were dismissed at the summary judgment stage and an additional claim was dismissed at trial at the close of Plaintiff's case. The trial lasted only four days and involved nine witnesses and 76 exhibits. Cf. id. at 732 (affirming district court's consideration of fact that "matter consumed 80 trial days, required 43 witnesses, produced 800 exhibits, . . . and begat a 95 page opinion" in denying prevailing party's motion to recover costs under Rule 54(d)). In its Opinion following the trial, the Court found that Plaintiff had failed to establish either a prima facie case of discrimination or that RCG's legitimate, nondiscriminatory reason for his termination was pretextual. As this case did not involve large amounts of evidence and the Court did not have difficulty discerning the law at issue, the complexity of the case is not a factor which favors a denial of costs in this case.

Plaintiff's second argument is that "the court may properly deny costs to a prevailing defendant in a close case where the court determines that to award costs to defendant would have a 'chilling effect' on the class of plaintiffs involved in that type of litigation." Plaintiff has failed to explain, however, how awarding costs to the prevailing party in this case would

5

have a "chilling effect."  See Pion v. Liberty Dairy Co., 922 F. Supp. 48, 51 (W.D. Mich. 1996)(rejecting similar argument and explaining that "[Plaintiff] has identified no particular chilling effect apart from her own conclusory assertion.")

In this case, the Court does not believe that a cost award of $7,238.16 would have a "chilling effect" on future Title VII plaintiffs.  Moreover, Plaintiff's argument that an award of costs would be "both inequitable and counter to the statutory remedial goals of the ADA" has previously been rejected by the Sixth Circuit.  See Jones v. Continental Corp., 789 F.2d 1225, 1233 (6th Cir. 1986)(rejecting argument that "taxing costs against a losing civil rights plaintiff would conflict with the remedial purposes of Title VII" as "meritless" and without support or authority).

Next, Plaintiff contends that the costs taxed to him constitute "a substantial amount when measured against [his] financial resources."  In support of this consideration, however, Plaintiff points only to the fact that he "suffered bankruptcy following his termination" from RCG.  A plaintiff's indigency is one factor the court can consider when determining whether to award costs, but this factor alone "does not prevent the taxation of costs against him."  Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989).  In this case, Plaintiff has not claimed indigency, but merely that he went into bankruptcy following his termination

6

from RCG almost five years ago.  This assertion, without more, is insufficient to "show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." White & White, Inc., 786 F. 2d at 732 (quotation omitted); see also Tuggles v. Leroy-Somer, Inc., 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004)("To invoke the inability to pay factor, a party must demonstrate not merely that payment would be a burden, but that [he] is indigent.")

 Plaintiff also contends that the cost of Defendants' deposition transcripts and videotapes are not taxable under Section 1920, as these costs are "more properly characterized as expenses incident to an award of attorney fees" and recoverable only on a showing of Plaintiff's bad faith.  This objection is misplaced.  Section 1920 provides that costs may be awarded for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case[.]"  28 U.S.C. § 1920(2).  The Sixth Circuit has held that Section 1920(2) authorizes "taxing as costs the expenses of taking, transcribing and reproducing depositions." Sales, 873 F.2d at 120 ("Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party.")  Section 1920 also "includes as a taxable expense the cost of videotaping a deposition."  Ibrahim

v. Food Lion, Inc., 149 F.3d 1183, 1998 WL 381326, at *2 (6th Cir. June 26, 1998).

In addition, Plaintiff argues that Defendants should not be allowed to recover their deposition expenses because Plaintiff called the deposed witnesses to testify at trial.  Defendants point out, however, that they were prepared to call the deposed witnesses if Plaintiff had not, as evidenced by the fact that each was listed on Defendants' witness list in the Joint Pretrial Order. (Joint Pretrial Order, Docket No. 109.)  Defendants also note that since Plaintiff presented the videotaped depositions of Dennis Nolte and Michael Downs at trial in their entirety, there was no need for Defendants to present them.  Since the necessity of taking and transcribing depositions "is determined as of the time of taking" and "the fact that a deposition is not actually used at trial is not controlling[,]" Sales, 873 F.2d at 120, the Court finds that these costs were properly taxed to Plaintiff under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

Plaintiff also argues that he should not be taxed for the service of trial subpoenas to witnesses who were never called at trial by Defendants.  An examination of the receipts submitted by Defendants in connection with their application for costs indicates, however, that the subpoenas——issued approximately one year prior to trial——were for documents, and not for appearances in court.  (Decl. M. Kimberly Hodges in Supp. Defs.' Motion Tax

Costs, Ex. D.)  Moreover, Section 1920(1) authorizes a district court to tax as costs fees charged by private process servers "to the extent that these private process server fees do not exceed the United States Marshal's fees."  <u>Arrambide v. Wal-Mart Stores, Inc.</u>, 33 Fed. Appx. 199, at *3 (6th Cir. Apr. 4, 2002).  Under 28 U.S.C. § 1921, the Attorney General is authorized to set the fees to be charged by the Marshal's Service to serve subpoenas and other process.  These regulations provided that the Marshal's Services charges a fee of $45.00 per hour "for process served or executed personally[.]" C.F.R. § 0.114; <u>see also</u> <u>Tinch v. City of Dayton</u>, 199 F. Supp. 2d 758, 770 (S.D. Ohio 2002).  Since Defendants seek to recover only $25.00 per subpoena, this cost was properly taxed to Plaintiff.

Finally, Plaintiff objects to the taxation of costs for Defendants' photocopies.  Plaintiff contends that these expenses should be considered part of an attorney's office overhead and, as such, are not taxable under Rule 54(d) or 28 U.S.C. § 1920.  To the contrary, Section 1920 specifically provides for recovery of "[f]ees for . . . copies of papers necessarily obtained for use in the case."  28 U.S.C. § 1920(4); <u>Nat'l Truck Equip. Assoc. v. Nat'l Highway Traffic Safety Admin.</u>, 972 F.2d 669, 674 (6th Cir. 1992)("[C]opying expenses . . . are enumerated in § 1920 and are recoverable.") Recoverable copying costs include "costs for photocopying documents necessary for maintenance of the action,

including copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration." Jordan v. Vercoe, 1992 WL 96348, at *1 (6th Cir. May 7, 1992). Upon review of Defendants' itemized request for copying expenses, the Court finds that the number and purpose of copies for which Defendants seek to be reimbursed is reasonable. Accordingly, the Court rejects Plaintiff's objection to the taxation of copying costs.

### III. Conclusion

Based on its review of the proceedings in this case, as well as the parties' submissions, the Court finds Defendants' costs to be reasonable and within the scope of 28 U.S.C. § 1920. Accordingly, Plaintiff's objections are DENIED, and the Clerk's Order Taxing Costs in the amount of $7,238.17 is AFFIRMED.

So ORDERED this 4th day of May, 2006.

   /s/ Jon P. McCalla  
JON P. McCALLA  
UNITED STATES DISTRICT JUDGE